

**U.S. Department of Justice**

*United States Attorney's Office*
*Eastern District of New York*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUN 31 2013  ★

LONG ISLAND OFFICE

*610 Federal Plaza*
*Central Islip, New York 11722*

July 31, 2013

BY HAND DELIVERY

Clerk of the Court
(for forwarding to randomly assigned U.S. District Judge)
United States District Court
Eastern District of New York
Central Islip, New York  11722

The Honorable Arthur D. Spatt
United States District Court
Eastern District of New York
Central Islip, New York  11722

CR 13 453

HURLEY, J.

TOMLINSON, M

Re:  United States v. Brian Callahan, et al.

Dear Clerk of the Court and Judge Spatt:

Pursuant to Local Rule 50.3.2, the government hereby notifies the Court that the above-captioned case is presumptively related to Securities and Exchange Commission v. Brian Callahan, et al., No. 12-CV-1065 (ADS) (the "SEC Action").

Local Rule 50.3.2(b)(1) provides for a "presumption that one case is 'related' to another when the facts of each arise out of the same charged criminal scheme(s), transaction(s), or event(s), even if different defendants are involved in each case."  Local Rule 50.3.2(c)(1) directs the United States Attorney's Office to "give notice to all relevant judges whenever it appears that one case may be presumptively related to another pursuant to Section (b)(1)."

Although Local Rule 50.3.2 does not explicitly address whether the United States Attorney's Office is required to provide notice where, like here, a criminal case is related to a pending civil case, the government provides the instant notice in an abundance of caution because the facts of the present case arise out of the same schemes and events that are the subject of the SEC Action.  Specifically, Callahan raised money from investors in connection with four different investment funds that he managed.  He had assured those investors that their money would be invested in mutual funds, hedge funds and other securities.  Instead of investing the money as he promised,

- 2 -

Callahan misappropriated a large portion of those funds and began to operate the investment funds as a large-scale Ponzi scheme. Among other things, Callahan diverted millions of dollars towards the Panoramic View, an unprofitable 117 unit beachfront cooperative development in Montauk, New York that he owned with his brother-in-law, Adam Manson.  He also commingled the money from the various investment funds and used it to pay tens of millions of dollars in redemptions to his victim investors, and to purchase luxury items such as expensive cars and homes in Old Westbury and Westhampton, New York.  Because the facts of the criminal and civil cases arise out of the same schemes and events, reassignment may result in a significant savings of judicial resources.  Accordingly, the government provides the instant notification to the Court pursuant to Rule 50.3.2(c)(1).

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                    By:   _____
                          David Wolf
                          Christopher Caffarone
                          Assistant U.S. Attorneys
                          (718) 254-6241
                          (631) 715-7868


cc:  All Parties (Via ECF)