

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*610 Federal Plaza*
*Central Islip, New York 11722-4454*

November 21, 2017

By Hand and ECF

The Honorable Arthur D. Spatt
Senior United States District Judge
United States District Court
Eastern District of New York
1020 Federal Plaza
Central Islip, New York 11722

> Re:   United States v. Brian Callahan
>       Criminal Docket No. 13-453 (ADS)

Dear Judge Spatt:

      The government writes to oppose the above-referenced defendant's motion for bail pending appeal, dated November 20, 2017.

      The standard governing a defendant's release or detention pending appeal is set forth in 18 U.S.C. § 3143, a statute that creates a presumption that a defendant who has received a sentence of imprisonment will be detained pending appeal. See United States v. Randell, 761 F.2d 122, 124-25 (2d Cir. 1985). This presumption is based upon Congress's view that "[o]nce a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even permit it in the absence of exceptional circumstances." United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985) (quoting H.Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)). Section 3143 puts a heavy burden of proof squarely on the defendant, requiring that a defendant be detained unless he or she proves that certain criteria are met. See generally Randell, 761 F.2d at 125; Miller, 753 F.2d at 24; see also United States v. Abuhamra, 389 F.3d 309, 317 n. 5 (2d Cir.2004) (noting "the heavier burden imposed by 18 U.S.C. § 3143(b)" compared to release pending sentencing under § 3143(a)).

      Where a defendant has been found guilty and sentenced to a term of imprisonment, the court should order detention pending appeal unless the court finds: (1) by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the

community; and (2) the appeal is not for the purpose of delay and raises a substantial question of law or fact, and (3) that, if the substantial question is answered in the defendant's favor, it is likely to result a sentence that is less than the time served plus the expected duration of the appeal process. See 18 U.S.C. § 3143(b); Randell, 761 F.2d at 125. A "substantial question" under Section 3143 is one that is "integral to the merits of the conviction" and "of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." Randell, 761 F.2d at 125 (citation omitted).

Here, the defendant fails to meet this heavy burden. First, he does not raise a substantial question of law or fact on appeal. The defendant pleaded guilty pursuant to a plea agreement. As part of his plea, the defendant agreed to waive his right to appeal in the event that the Court imposed a sentence of 327 months or below. The Court imposed a sentence of 144 months—well below his appellate waiver. Despite his knowingly and voluntary waiver, the defendant filed a notice of appeal. The government filed a motion to dismiss that appeal. The defendant filed a frivolous opposition to that motion arguing that the waiver should not be enforced because the government supposedly presented a different loss argument than in the plea agreement. That argument is wholly without merit. Accordingly, the defendant does not present a substantial question of law or fact on appeal.

Second, even assuming the defendant presented a substantial question—which he did not—it is not likely to result in the defendant receiving a sentence of imprisonment less than the time he already served—he has not served any time yet—plus the expected duration of the appeal process. The Court sentenced the defendant to 144 months based on a careful examination of the Section 3553(a) factors. Were the Court to be required to resentence the defendant—which is highly unlikely—there is no legitimate reason to believe that the Court would impose a sentence that is less than the expected duration of the appeal process.

As a starting point, the applicable Guidelines range suggests that a significant term of incarceration—far beyond the anticipated duration of the appeal process--was warranted. Indeed, the Guidelines range was 151 to 188 months.

Moreover, even a cursory review of the offense conduct and the defendant's history supports a significant term of incarceration. For approximately seven years, the defendant abused his position of trust as an investment advisor to convince dozens of unsuspecting investors to part with their hard-earned money for what they believed were strong, well-performing investments. In reality, the defendant was running a Ponzi scheme. He used investor monies to pay redemptions to prior investors, to pay himself approximately $6 million, and to fund his personal investment in the Panoramic View, a cooperative development in Montauk. Rather than using his own money to acquire and develop the Panoramic, the defendant used investor monies, unbeknownst to them, without their approval and directly contrary to how he told them that their monies would be invested. The defendant went to great lengths to execute his fraud. He lied to investors. He lied to the auditors. And he lied to the bank. He also employed every trick in the fraudster book. He created completely

fake documents.  He forged people's signatures.  And he even stole a person's identity.  In the end, the defendant caused victims to lose approximately $19.7 million.

Despite that the defendant has no criminal history, this was not the first time that the defendant engaged in fraudulent conduct.  When he worked at Rochdale—his last employer before he began the instant fraudulent scheme—he engaged in some of the same fraudulent conduct as here.  Specifically, at Rochdale, he forged and fabricated documents, engaged in private securities transaction without providing the appropriate notice to Rochdale, and failed to respond to a Financial Industry Regulatory Authority ("FINRA") request for documents and information.  Based on this conduct, in June 2009, FINRA barred the defendant from associating with any FINRA member—a fact that the defendant did not share with his investors or the auditors.  This obviously did not deter the defendant from forging and fabricating documents and perpetrating a significant fraud; in fact, this experience with FINRA brings into view the recidivist nature of the defendant's crime.

For these reasons and other reasons announced at the sentencing hearing, the Court sentenced the defendant to a term of imprisonment of 144 months.  Notably, the defendant acknowledged that a term of incarceration was warranted and requested a sentence of a year and a day in his sentencing submission.  Accordingly, in the unlikely event that the Court is required to resentence the defendant, the defendant cannot establish that the Court would impose a sentence less than the expected duration of the appeal process.

In sum, because the defendant who waived his right to appeal, did not raise a substantial question on appeal, and because even if he did, the Court would not impose a sentence less than the expected duration of the appeal, the Court should deny the defendant's motion for bail pending appeal.

Respectfully submitted,

BRIDGET M. ROHDE
Acting United States Attorney

By:      /s/
Christopher Caffarone
Assistant U.S. Attorney

cc:    Edward Sapone, Esq. (Via ECF and Email)