THE LAW OFFICES OF
# ANDREW J. FRISCH, PLLC

ONE PENN PLAZA
53rd FLOOR
NEW YORK, NEW YORK 10119
(212) 285-8000
FAX: (646) 304-0352

JASON D. WRIGHT
ADMITTED IN NEW YORK, VIRGINIA
AND THE DISTRICT OF COLUMBIA
OF COUNSEL

July 23, 2019

*By ECF*

The Honorable Arthur D. Spatt
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re: *Brian Callahan v. United States;*
> *Docket Number 13-453 (ADS)*

Dear Judge Spatt:

I received notice this afternoon that the Court granted the government's application, filed yesterday at 5:50 p.m. (Dkt 209), for an additional thirty days to respond to Mr. Callahan's petition pursuant to 28 U.S.C. §2255, filed on September 28, 2018 (Dkt 196) and related motions. Dkt 205-07. The government stated in its letter filed yesterday afternoon that I would file a letter today explaining my opposition, and I notified the Court's case manager this morning by email that I would do so this afternoon upon returning to New York from an out-of-state work trip. I submit this letter to explain my opposition and to request an immediate hearing on bond for Mr. Callahan.

The government in its letter to the Court correctly noted Mr. Callahan's opposition to its application for an extension of time, but failed to report the basis therefor. I advised the government that I would consent to an extension of time if the government consented to or took no position on an immediate application by Mr. Callahan for bond. As Mr. Callahan explains in his pending motion [Dkt 206-1 at 17-18], he has established or made at least a substantial showing that bond is necessary to preserve the effectiveness and adequacy of the requested relief. *See Illarremendi v. United States*, 906 F.3d 268, 271 (2d Cir. 2008), *citing Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). As explained in the pending motion (Dkt 206-1 at 17-18), Mr. Callahan has already served his legal Guideline sentence.

While Mr. Callahan waited to press his application for bond until the government's response on July 19, 2019, it is not fair that he wait further. The government has had Mr. Callahan's petition for literally ten months since it was filed in September 2018 (Dkt 196); and the government presumably was fully prepared to address the underlying loss issues

last month before the Court rescheduled the sentencing of co-defendant Adam Manson, against whom the government is pressing the same arguments at issue in Mr. Callahan's pending petition. More, the report of a defense expert provided in the defendant's motion papers, cited by the government in its letter as a basis of its need for more time, is an analysis of the government's own spreadsheet provided to the undersigned more than four months ago. *See* Dkt 206-1 at 4-8. It is not clear why the government needed more time, but a consequence of the additional delay should be bond to a defendant who has established or made, at the very least, a substantial showing that he is currently suffering irreparable prejudice.

An additional fact further counsels in favor of bond. Though the government's responsive submission was due July 19, 2019, that day came and went with governmental silence, without any filing or any indication that the government would seek more time, let alone double the thirty days that the Court initially granted the government for its response. On July 20, 2019, the day after the Court's deadline passed without any word from the government, I emailed the government, asking about the government's response. Exhibit A. Only on July 22, 2019, after the Court's deadline passed without action and my subsequent inquiry, did the government surface, unsuccessfully seeking my consent for more time and then submitting its application to the Court. Even then, the government did not explain why it had not taken any action before the Court's deadline had passed. One of the bases for Mr. Callahan's petition is that the government has not played by the rules, breached its plea agreement and failed its duty of candor. It is difficult to understand how the government could let a deadline pass in a case raising issues of the nature and magnitude raised here and not even attempt to explain its default.

The government favorably cites the Second Circuit's dismissal of Mr. Callahan's direct appeal on grounds of appellate waiver, but the Circuit's ruling was based on the four corners of the appellate record. The pending petition, however, by its very nature is a collateral challenge, and proffers facts *de hors* the appellate record that invalidate the appellate waiver. *See United States v. Wilson*, 920 F.3d 155, 168 (2d Cir 2019); *United States v. Palladino*, 347 F.3d 29, 33 (2d. Cir. 2007). The facts *de hors* the appellate record include the government's recently-produced spreadsheet underlying its calculation of loss and helping to demonstrate the government's breach of the plea agreement; relevant emails between Mr. Callahan and his counsel; and evidence of Mr. Callahan's expectation of substantial credits against loss and reasonable reliance on the government's repeated express valuation of the fraud at $96 million. Mr. Callahan's collateral challenge is a different proceeding than the direct appeal and is based on facts not part of the appellate record, making the Second Circuit's ruling on the direct appeal inapplicable.

Mr. Callahan is neither a risk of flight nor a danger to the community. During the pendency of Mr. Callahan's case, he was fully compliant with the terms of his release, including during the approximately four months between sentencing and surrender. His bond was secured by three properties, the owners of which remain willing and able to post their properties and co-sign a new bond, and other members of Mr. Callahan's family are willing and able to post other properties and co-sign a bond. Mr. Callahan poses no risk of flight.

The parties have extended professional courtesies to each other, some of which the government cited in its letter in support of its application, and the defense will continue to extend its courtesies whenever it can; the lawyers in the case have maintained cordiality and

professionalism, as the Court would expect.  Professional courtesy must yield, however, in the face of a substantial showing of unjust deprivation of liberty.

As with an indicted pre-trial defendant, the Court need not rule favorably for a defendant on the merits to grant bond.  Instead, the Court need find that Mr. Callahan has made a substantial showing that bond is necessary to make the requested relief effective and adequate.  *See Illarremendi v. United States*, 906 F.3d at 271; *Mapp v. Reno*, 241 F.3d at 221.  That standard is amply met here.

For these reasons, I respectfully request that the Court grant bond on the papers or schedule a hearing as expeditiously as the Court's calendar permits.  Mr. Callahan is currently lodged at the Metropolitan Detention Center, so it would not be logistically difficult to secure his appearance for such a hearing.

Respectfully submitted,

/s/
Andrew J. Frisch

Attachment

cc: AUSA Cafferone
    U.S.P.O. Langone